UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GANG CHEN,<br><br>Defendant | Criminal No.   21cr10018<br><br>Violations:<br><br><u>Counts One and Two</u>: Wire Fraud<br>(18 U.S.C. § 1343)<br><br><u>Count Three</u>: Failure to File a Report<br>of Foreign Bank and Financial Account<br>(31 U.S.C. §§ 5314 and 5322; 31 C.F.R. §§<br>1010.350, 1010.306(c)-(d) and 1010.840(b))<br><br><u>Count Four</u>: False Statement<br>(18 U.S.C. § 1001(a)(2))<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

<u>INDICTMENT</u>

At all times relevant to this Indictment:

<u>General Allegations</u>

1.    GANG CHEN ("CHEN") was a United States citizen and a professor in the Department of Mechanical Engineering at the Massachusetts Institute of Technology ("MIT") in Cambridge, Massachusetts.  CHEN was the Head of MIT's Mechanical Engineering Department from approximately July 2013 through approximately June 2018.  CHEN was born in the People's Republic of China (PRC), first came into the United States in or about 1989, and became a naturalized United States citizen in or about 2000.

2.    In addition to his duties and responsibilities as a professor at MIT, CHEN has conducted extensive research in the area of nanoscale transport and energy conversation

1

phenomena, including their applications in energy storage, conversion and utilization. Between approximately July 2009 and January 2019, CHEN was the Director of the Solid-State Solar Thermal Energy Conversion Center ("S³TECH Center") at MIT, an Energy Frontier Research Center funded by the U.S. Department of Energy ("DOE"). During this time, CHEN's research was funded by approximately $18.5 million in grants from DOE, the U.S. Department of Defense ("DOD"), the Defense Advanced Research Projects Agency ("DARPA") and other U.S. federal government agencies.

3. In order to receive funding for his research from the U.S. Government, CHEN – through MIT – submitted grant proposals to various U.S. Government agencies and, in turn, managed U.S. Government funded research projects. As described below, in or about June 2017, CHEN received an approximately $2.7 million DOE award to support a portion of his research at MIT.

### Scheme to Defraud

4. On or about September 30, 2016, DOE's Office of Science issued Funding Opportunity Number DE-FOA-0001664 (or the "Announcement"). In the Announcement, DOE expressed its "continuing interest in receiving grant applications for support of work" involving "Advanced Scientific Computing Research, Basic Energy Sciences, Biological and Environmental Research, Fusion Energy Sciences, High Energy Physics, and Nuclear Physics."

5. The Announcement required applicants to submit a Project Narrative consisting of a research plan/proposal and two detailed, separate Appendices. In Appendix 1, applicants were required to submit a "biographical sketch" for the project director and/or principal investigator ("PI") consisting of, among other things, the PI's education and training; the PI's research and

2

professional experience, including a brief description of all "professional/academic positions;" a list of up to "10 publications most closely related to the proposed project;" and, for the purpose of determining potential conflicts of interest, a list of "all persons" who have been collaborators or co-authors, graduate students and post-doctoral associates working with the PI "on a research project, book, or book article, report, abstract, or paper during the 48 months preceding the submission of this application." In Appendix 2 to the project narrative, applicants were required to list "all current and pending support" for the PI and "all senior/key persons ... for ongoing projects and pending applications," as well as "all sponsored activities or awards requiring a measurable commitment of effort, whether paid or unpaid." The grant application also required the PI to disclose whether the proposed project would involve "activities outside the United States or partnerships with international collaborators."

6.     On or about March 17, 2017, in response to Funding Opportunity Number DE-FOA-0001664, CHEN electronically submitted via e-mail, and directed personnel from MIT's Office of Sponsored Programs to submit, a funding proposal (the "Proposal") from Massachusetts to DOE's Office of Science in Washington, D.C. The Proposal contained false statements and material omissions concerning, among other matters, CHEN's professional experience, activities, sources of support, and awards involving the PRC. Among other things, CHEN failed to disclose to DOE (1) that he was a "4th Overseas Expert Consultant" to the PRC government; (2) that he served on the Advisory Board of Southern University of Science and Technology ("SUSTech"), a government-funded research university in the PRC; (3) that he was a "review expert" for the National Natural Science Foundation of China; (4) that he was a "overseas strategic scientist" for the Zhongguancun Development Group, a PRC state-owned enterprise funded by the Beijing

3

Municipal Government, devoted to the PRC's scientific and technological development; and (5) that he was an advisor to the Chinese Scholarship Council, a non-profit institution run by the PRC government's Ministry of Education. CHEN's Proposal also failed to disclose activities likely to occur outside the United States and partnerships with various international collaborators, including, but not limited to, Tongji University, Huazhong University of Science and Technology, the Chinese Scholarship Council, and the National Natural Science Foundation of China.

7. In or about July 2017, relying on CHEN's fraudulent March 2017 Proposal, DOE awarded MIT and CHEN more than $2.7 million to fund CHEN's research project. Identified as DOE award DE-FG01-02ER45977, this project was scheduled to be completed by June 3, 2020. Had CHEN reported his various PRC appointments, contracts and activities and the involvement of international collaborators, DOE would have inquired further regarding his PRC appointments, contracts and activities, and may have denied his grant application altogether.

8. On or about March 25, 2019, CHEN electronically submitted and caused to be submitted an annual Progress Report concerning DOE award DE-FG01-02ER45977 from Massachusetts to DOE's Office of Science in Washington, D.C. Like the March 2017 Proposal, the March 2019 Progress Report contained false statements and material omissions concerning, among other matters, CHEN's professional experience, activities, sources of support, and awards involving the PRC. Specifically, CHEN failed to disclose (1) that he was a "4th Overseas Expert Consultant" to the PRC government; (2) that he was an advisor to SUSTech (3) that he was a "review expert" for the National Natural Science Foundation of China; (4) that he was a "overseas strategic scientist" for the Zhongguancun Development Group; and (5) that he was an advisor to the Chinese Scholarship Council. CHEN also failed to disclose other PRC appointments and

4

activities that arose *after* he submitted the March 2017 Proposal, including (1) CHEN's participation in the PRC's "Top Talent Wuhan City Partner" and "3551 Optics Valley" Talent Plans; and (2) CHEN's appointment as a consultant and advisor to the "Outstanding Talent Plan" to the "Chongqing No. 2 Foreign Language School," a state-owned institution in the PRC, for which he would paid at least approximately $355,715 for his services.

9. In reliance on CHEN's fraudulent 2019 Progress Report, DOE continued to fund award DE-FG01-02ER45977 on and after March 2019. Had CHEN reported his appointments, contracts and activities involving the PRC and its government, DOE would have inquired further regarding his PRC affiliations, contracts, and activities and may have declined to continue funding the grant.

### CHEN's Failure to File a Report of Foreign Bank and Financial Accounts and False Statement on Tax Returns

10. The Bank Secrecy Act, Title 31, United States Code, Section 5311 et seq. required, among other things, that all persons subject to the jurisdiction of the United States who have a financial interest in, or signature or other authority over, a bank or other financial account in a foreign country—where that account has a balance of $10,000 or more at any point in a calendar year—report such account(s) to the Internal Revenue Service ("IRS"). *See* 31 C.F.R. § 1010.350.

11. This information was required to be reported in a Report of Foreign Bank and Financial Accounts ("FBAR") on FinCEN Form 114. An FBAR must be filed by April 15th following the relevant tax year, in conjunction with a person's annual tax return.

12. In an FBAR, the taxpayer was required to identify, among other things, the name of the financial institution at which the account was held, the account number, and the maximum value of the account during the relevant calendar year.

13. CHEN filed FBARs for tax years 2012 and 2013 (on or before April 15, 2013 and 2014, respectively) indicating that he maintained financial accounts in the PRC that had a balance of $10,000 or more at any point during the relevant calendar year.

14. During calendar year 2018, CHEN maintained multiple bank accounts in the PRC. At least one such account, at the Bank of China, had a balance of more than $10,000 during that year, requiring CHEN to file an FBAR with the IRS by April 15, 2019.

15. On or about April 14, 2019, CHEN filed a personal income tax return (IRS Form 1040) with the IRS for calendar year 2018. However, CHEN failed to file an FBAR disclosing the Bank of China account in the PRC.

16. In addition, despite the Bank of China account and other financial accounts in the PRC, CHEN falsely stated on Schedule B to his 2018 personal tax return that he did not have "a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country,"

## COUNTS ONE AND TWO
### Wire Fraud
### (18 U.S.C. § 1343)

The Grand Jury charges:

17. The Grand Jury re-alleges and incorporates by reference paragraphs 1 - 9 of this Indictment.

18. On or about the dates listed below, in the District of Massachusetts, the defendant,

### GANG CHEN

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | March 17, 2017 | A research proposal responsive to DOE Funding Opportunity Number DE-FOA-0001664 transmitted electronically from Massachusetts to the DOE's Office of Science in Washington, D.C. |
| 2 | March 25, 2019 | A progress report concerning DOE award DE-FG01-02ER45977 transmitted electronically from Massachusetts to DOE's Office of Science in Washington, D.C. |

All in violation of Title 18, United State Code, Section 1343.

## COUNT THREE
### Failure to File Report of Foreign Bank and Financial Accounts
(31 U.S.C. §§ 5314 and 5322; 31 C.F.R. §§ 1010.350, 1010.306(c)-(d) and 1010.840(b))

The Grand Jury further charges:

19. The Grand Jury re-alleges and incorporates by reference paragraphs 1 - 3 and 10 - 16 of this Indictment.

20. On or about April 14, 2019, in the District of Massachusetts and elsewhere, the defendant,

## GANG CHEN

did willfully fail to file with the Commissioner of the Internal Revenue Service (IRS), U.S. Department of the Treasury, a Report of Foreign Bank and Financial Accounts disclosing that he had an interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, to wit, at least one bank account at the Bank of China in the PRC, which had an aggregate value of more than $10,000 at any time during the 2018 calendar year.

All in violation of Title 31, United States Code, Sections 5314 and 5322; and Title 31, Code of Federal Regulations, Section 1010.350, 1010.306(c)-(d), and 1010.840(b) (formerly Title 31, Code of Federal Regulations, Sections 103.24, 103.27(c)-(d) and 103.59(b)).

## COUNT FOUR
### False Statement
### (18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

21. The Grand Jury re-alleges and incorporates by reference paragraphs 1 - 3 and 10 - 16 of this Indictment.

22. On or about April 14, 2019, in the District of Massachusetts, the defendant,

### GANG CHEN

knowingly and willfully made and caused to be made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, CHEN answered "no" on Schedule B to his 2018 federal income tax return (IRS Form 1040) to the question of whether he had "a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country," when, in fact, CHEN knew that he had an interest in and signature authority over at least one financial account at the Bank of China in the PRC.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

23. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One and Two of this Indictment, the defendant,

## GANG CHEN

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

24. If any of the property described in Paragraph 16, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JASON A. CASEY
TIMOTHY KISTNER
B. STEPHANIE SIEGMANN
Assistant United States Attorneys
District of Massachusetts

District of Massachusetts: January 19, 2021
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK