UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GANG CHEN | No. 1:21-cr-10018-PBS |

## DEFENDANT GANG CHEN'S MOTION FOR SANCTIONS FOR U.S. ATTORNEY LELLING'S REPEATED VIOLATIONS OF LOCAL RULE 83.2.1

In the waning hours of the Trump Administration, United States Attorney Andrew Lelling ("Lelling") chose to pursue ill-advised and unsubstantiated charges against a well-respected MIT professor as part of the Department of Justice's so-called "China Initiative." But in his haste to get the case out the door before a new Administration takes over, Lelling trampled on the requirements of Local Rule 83.2.1 and attempted to make this case appear to be something it is not. Tellingly, although the grand jury was available (it indicted Professor Chen on January 19, 2021), Lelling chose to file a detailed criminal complaint (the "Complaint") on January 13th in order to generate greater publicity for this case. As set forth below, the Complaint itself and Lelling's statements at a press conference that same day, as well as his office's accompanying press release, are wildly misleading to both the general public and to future jurors. For this reason, Professor Gang Chen respectfully moves this Court to sanction Lelling.

## BACKGROUND

Local Rule 83.2.1 provides:

No lawyer shall release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer is associated, if there is a reasonable likelihood that such dissemination **will interfere with a fair trial or otherwise prejudice the due administration of justice**.

...

From the time of arrest…until the commencement of trial or disposition without trial, a lawyer associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement, which a reasonable person would expect to be disseminated by means of public communication, relating to that matter and concerning… **the character or reputation of the accused… [or] [a]ny opinion as to the accused's guilt or innocence as to the merits of the case or the evidence in the case**."

On the morning of January 14, 2021, Professor Chen was arrested at his Cambridge home and charged by criminal complaint with two counts of wire fraud for misleading the Department of Energy ("DOE") on a grant application, one count of failure to file a report of a foreign bank account, and one count of making a false statement (stating on his 2018 tax returns that he did not have a foreign bank account).  The Complaint and subsequent indictment in no way allege that Professor Chen—a United States citizen for more than 20 years—betrayed the United States, such as by violating export controls laws or passing classified information (to which, in any case, Professor Chen does not have access).

## THE PRESS CONFERENCE

Nevertheless, a few hours after the Complaint was unsealed, Lelling held a press conference[1] in which he made numerous false, highly inflammatory statements to the media that

---

[1] *MIT professor faces federal charges for allegedly failing to disclose ties to China*, WCVB 5, Jan. 14, 2021, https://www.wcvb.com/article/mit-professor-faces-federal-charges-for-allegedly-failing-to-disclose-ties-to-china/35214289 (full statement, without question and answer session).

2

violated this Court's local rules by questioning Professor Chen's "character and reputation" and offering an "opinion as to the accused's guilt or innocence as to the merits of the case or the evidence in the case." *Id.*

For instance, Lelling claimed:

> *The allegations of the complaint imply that this was not just about greed, but about loyalty to China.*[2]

Lelling's speculation about whether Professor Chen is loyal to the United States—where he has spent his entire adult life—is grossly insulting and certainly speaks to Professor Chen's "character and reputation" in violation of the local rules.[3] In addition, Lelling's statement does not actually reflect the allegations of the Complaint. Professor Chen has not been charged with any of the numerous crimes in the United States Code that suggest loyalty to a foreign country; rather he has been charged with making an error on federal forms. There is nothing in the Complaint to suggest that Chen is not loyal to the United States.

Lelling also stated:

> *To be clear, federal grant applications require the disclosure of information concerning sponsored foreign activities and awards.*

Such a statement plainly goes to the "merits of the case." Beyond that, however, Lelling's statement was simply not accurate with respect to Professor Chen's DOE grant application. In fact, Professor Chen filled out a DOE form that that was not particularly "clear" on this subject at

---

[2] Ellen Barry, A Scientist Is Arrested, and Academics Push Back, NY Times, Jan. 26, 2021, https://www.nytimes.com/2021/01/26/us/mit-scientist-charges.html.

[3] U.S. Attorney Lelling has made no secret of his focus on Chinese American scientists. *See* Jeffrey Mervis, *U.S. prosecutor leading China probe explains effort that led to charges against Harvard chemist*, Science, Feb. 3, 2020, sciencemag.org/news/2020/02/us-prosecutor-leading-china-probe-explains-effort-led-charges-against-harvard-chemist ("'The bottom line is that this is an effort by a rival nation state to steal U.S. technology,' Lelling says. 'And that rival nation is made up almost exclusively of Han Chinese. And so, unfortunately, a lot of our targets are going to be Han Chinese.'").

3

all.  Indeed, DOE subsequently **changed the form** to require broader disclosures.  The **current** DOE application form states:

> WARNING: These instructions have been **significantly revised** to require disclosure of a variety of potential conflicts of interest or commitment, including participation in foreign government-sponsored talent recruitment programs.[4]

Professor Chen submitted his application before the "significant" revisions that are now part of the DOE form, a fact that Lelling chose to omit.

Finally, returning to his false "greed" theme, Lelling stated:

> *Since 2013, Chen has received about $19 million dollars in U.S. federal grants, but he has also received about $29 million dollars in foreign funding, including substantial money from a public research university in China that is funded by the Chinese government.*

This statement violates Local Rule 83.2.1 because it goes to the "merits of the case."  It is also simply false.  Eight days after Lelling's press conference, MIT's President, Rafael Reif, took the extraordinary step of correcting Lelling in a public letter.  Professor Reif wrote,

> Because the legal case is proceeding, I will not address its specifics. However, since the government's complaint and the resulting media coverage touch on MIT's collaboration with the Southern University of Science and Technology (SUSTech) in Shenzhen, China, I would like to clarify the nature of the SUSTech engagement…While Professor Chen is its inaugural MIT faculty director, **this is not an individual collaboration; it is a departmental one**, supported by the Institute…The agreement provides $25 million to be paid to MIT over five years. Of that sum, $19 million is for collaborative research and educational activities, and $6 million is designated as a gift to support MIT building renovation projects and an endowed graduate fellowship…**In other words, these funds are about advancing the work of a group of colleagues, and the research and educational mission of MIT.**[5]

---

[4] *See* U.S. Dep't of Energy, Office of Sci., FOA Number DE-FOA-0002414, FY 2021 Continuation of Solicitation for the Office of Science Financial Assistance Program, Amend. 000001, p. 66 (Oct. 1, 2020), https://science.osti.gov/-/media/grants/pdf/foas/2021/DE-FOA-0002414.pdf (emphasis added).

[5] L. Rafael Reif, Letter to the community re. SUSTECH Relationship and Professor Chen (2021) https://president.mit.edu/speeches-writing/letter-community-re-sustech-relationship-and-professor-chen (last visited Jan. 29, 2021) (emphasis added).

In other words, Lelling's statement, and the government's allegations, are wildly inaccurate because, as corroborated by the president of MIT, millions of dollars in foreign funding went **to MIT, not Professor Chen**. In this regard, Lelling appears to have violated Massachusetts Rule of Professional Conduct 4.1 regarding truthfulness in statements to others. Whether or not Lelling had actual knowledge of the falsity of his statement at the time of the press conference, he is now aware of his false statement and has made no effort to correct it.

## THE PRESS RELEASE

Beyond the press conference, Lelling authorized a press release which also violates the Local Rules.[6] Unlike the usual boilerplate press release distributed in nearly every case, the press release regarding Professor Chen contains a portion of an email Professor Chen wrote to himself. The press release states:

> It is further alleged that **Chen's efforts** to promote the PRC's scientific and economic development were partially detailed in a February 2016 email that Chen sent himself using his MIT e-mail account. The email read:
>
> 1. promote chinese collaboration
>
> 2. China places innovation (scientific) as key and core not fashion [sic], but because we must do it, from historic trend as well from our stage
>
> 3. our economy is no. 2, but from technology (structure of economy) and human resources, we are far from no. 2
>
> 4. we are paying big price in environment, not sustainable, as well as from labor cost
>
> 5. environment protection and development in same place, environment even higher, clean energy if higher cost, reduce steel, cement. We must count on technology, cannot grow as past

---

[6] United States Attorney's Office District of Massachusetts: MIT Professor Arrested and Charged with Grant Fraud (2021), https://www.justice.gov/usao-ma/pr/mit-professor-arrested-and-charged-grant-fraud (last visited Jan 29, 2021).

> 6. communist 18th convention, scientific innovation placed at core. We realize not just independent innovation; but also internationalize to plan for and facilitate. Closed door innovation does not work; innovation as driving force

*Id.* (emphasis added).  The government's selective use of this email is both strange and disturbing.  Not only does the misleading use of this email violate Local Rule 83.2.1, it also likely violates Massachusetts Rule of Professional Conduct 4.1 as well.  (*See* cmt. 1.: "Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements.").  A second email five hours later—that was almost certainly in the government's possession when it issued this press release—shows that Professor Chen's email to himself was the **notes from a lecture he attended rather than his own thoughts.**[7]  Therefore, this first email in the press release does not reflect Professor Chen's "efforts" as the press release falsely declares.  Specifically, the second email makes clear that (1) on the day the above excerpt was written, Professor Chen attended a public speech by a Chinese Government Official in Boston, (2) that a senior MIT administrator whose job includes liaising with foreign government officials also attended, and (3) that the senior MIT administrator thanked Professor Chen for attending and conferred with him on whether and how MIT could potentially partner with the speaker's organization.

---

[7] Given that the government has had custody of Professor Chen's laptop for over a year, it is difficult to believe that the government somehow had access only to the first email but not the second email that was received by Professor Chen five hours later.

Moreover, in both the Complaint and the press release the government **failed to include the last sentence of the first email**, no doubt because its inclusion would completely defeat the entire point of referencing the email.  Specifically, the last (omitted) sentence states:

> If MIT share same thoughts with me, we can plan seriously
>
> [named MIT senior administrator who was present at the talk], we can work together[.][8]

The government included this truncated email in the press release (and in the Complaint) to add fodder for a sanctimonious press conference and to "interfere with a fair trial or otherwise prejudice the due administration of justice." L.R. 83.2.1.  After emphasizing it in his Complaint and press release, Lelling's office completely removed any reference to this email in the subsequent indictment, although it is unclear at this stage if it was improperly alluded to before the grand jury.  Moreover, as noted at the outset, Lelling's office sought the indictment on Tuesday, January 19th, a mere five days after the Complaint was issued.  Besides trying to garner unfair and prejudicial publicity against Professor Chen with an erroneously detailed public document, there was simply no law enforcement need to proceed by way of complaint on January 14th rather than simply waiting to arrest Professor Chen on January 19th.  Indeed, there was zero risk of flight, as evidenced by the fact that Professor Chen has known about this investigation for over a year.  Instead, Lelling chose to insert prejudicial and inaccurate "evidence" into the public eye with the press release and Complaint, only to completely remove it five days later in the indictment.  In short, Lelling's press release "interfere[d] with a fair trial or otherwise prejudice[d] the due administration of justice." L.R. 83.2.1.

---

[8] The Complaint includes the entire email **except** this exculpatory sentence.

7

**CONCLUSION**

Local Rule 83.2.1 "represents part of this District Court's response to the Supreme Court's direction [in *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966)] that: "'[t]he courts must take such steps by rule and regulation that will protect their processes from prejudicial outside inferences. Neither prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function.'" *United States v. Flemmi*, 233 F.Supp. 2d 113,116 (D.Mass. 2000) (quoting *Sheppard*, 384 U.S. at 363).  Thus, no attorney, let alone one with the power and prestige of the United States Attorney, should be permitted to make such false extra-judicial statements that jeopardize Professor Chen's ability to receive a fair trial.

The Court has broad discretion to craft an appropriate discipline for these repeated violations of Local Rule 83.2.1.  *See* L.R. 83.6.4.  Professor Chen respectfully requests this Court: (a) publicly reprimand U.S. Attorney Lelling, *see id.* at (a)(3), (b) require U.S. Attorney Lelling to follow Local Rule 83.2.1 going forward, (c) require U.S. Attorney Lelling to remove his office's press release from its website, or, at a minimum, require his office to cite the full text of the first February 26, 2016, email, as well as the second email from approximately five hours later where a senior MIT administrator makes clear Professor Chen was attending a talk on behalf of MIT, *see id.* at (a)(6), and (d) impose any other remedy this Court might deem appropriate under Local Rule 83.6.4.

|  |  |
|---|---|
| | Respectfully submitted, |
| | GANG CHEN |
| | By his attorneys, |
| | /s/ *Brian T. Kelly* |
| | Brian T. Kelly (BBO No. 549566) |
| | Robert A. Fisher (BBO No. 652602) |
| | NIXON PEABODY LLP |
| | 53 State Street |
| | Boston, MA 02109 |
| | 617-345-1000 |
| | bkelly@nixonpeabody.com |
| | rfisher@nixonpeabody.com |
| Dated: February 4, 2021 | |

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

I hereby certify that I conferred with counsel for the government in an attempt to resolve or narrow the issues raised by this motion and the government has notified me that it opposes the motion.

                                                          */s/ Brian T. Kelly*
                                                          Brian T. Kelly

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing was filed electronically on February 3, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

                                                          */s/ Brian T. Kelly*
                                                          Brian T. Kelly