UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>GANG CHEN )<br>)<br>Defendant. )<br>) | Crim. No. 21-cr-10018-PBS |

**INTERIM STATUS CONFERENCE – JOINT MEMORANDUM**

Pursuant to Local Rule of Criminal Procedure 116.5(b), the United States, by and through its undersigned counsel, and defendant Gang Chen, by and through his undersigned counsel, respectfully submit this joint memorandum.

(1) <u>The status of automatic discovery and any pending discovery requests</u> – The government has produced, or made available to the defendant, all automatic discovery materials currently known to it subject to amendment in light of the issues addressed in the Government's Assented-to Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act ("CIPA"). *See* Docket No. 28. The Government has in its possession numerous electronic devices and digital storage media seized pursuant to a search warrant on the day of the defendant's arrest. The Government continues to image and review these devices to determine which ones contain discoverable materials. Devices found to contain discoverable materials will be produced to the defense. Separately, the defense recently asked the government to produce images of all seized electronic devices belonging to the defendant. The government intends to produce images of such devices as the images become available (given the number of seized devices, not all have been imaged), but in any event as quickly as possible. Otherwise, there are no pending discovery

requests. On February 22, 2021, the government produced automatic discovery to the defendant and has made several supplemental productions to the defendant since that time.

(2)     <u>The timing of any additional discovery to be produced</u> – As noted above, the government has already provided the defendant automatic discovery. The timing of the production of any additional materials will depend on the District Court's ruling on the government's filing/motion under CIPA, which it plans to file with the District Court on or about April 16, 2021, and its review of the electronic devices seized on the day of the arrest. The government will produce any materials required under Local Rule 116.2(b)(2) in accordance with that rule and subject to the Court's Order pursuant to Section 4 of CIPA.

(3)     <u>The timing of any additional discovery requests</u> – In light of the government's upcoming CIPA filing/motion, and the fact that the government is continuing to review numerous electronic devices seized from the defendant's residence and workplace to determine if they contain discoverable materials, the defendant requests until the next status conference to set a date to file any discovery requests.

(4)     <u>Protective Orders</u> – No protective orders have been entered in this case.

(5)     <u>Pretrial motions under Fed. R. Crim. P. 12(b)</u> – The defendant requests an opportunity to finish its review of discovery before a date is set for the filing of pre-trial motions under Federal Rule of Criminal Procedure 12(b).

(6)     <u>Timing of expert disclosures</u> – Should expert testimony prove necessary, the government will provide expert discovery no later than 45 days before trial. Defendant will provide reciprocal expert discovery no later than 30 days before trial.

(7)     <u>Defenses of Insanity, Public Authority, or Alibi</u> – The defendant will file notice in accordance with the schedule for pretrial motions, as required by <u>Fed. R. Crim. P. 12.2-12.3</u>.

(8) <u>Speedy Trial Act calculations</u> – The 70-day period specified in 18 U.S.C. § 3161(c)(1) commenced on January 22, 2021, with the defendant's arraignment.  The Court has ordered the period from January 22, 2021 until April 14, 2021 (the date of the next interim status conference) to be excluded from the Speedy Trial clock pursuant to an assented-to government motion to exclude time, which was filed in this matter.  This time was excluded on the grounds that the ends of justice outweighs the defendant's and public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).

(9) <u>Status of Plea Discussions and Trial</u> – The parties are not currently engaged in plea negotiations.  In light of the government's ongoing review of numerous electronic devices seized from the defendant's residence, the government is currently not in a position to estimate the length or likelihood of a trial in this case.

(10) <u>Timing of A Further Interim Status Conference</u>.  Because the discovery issues regarding CIPA are still pending, the parties respectfully request that the April 14, 2021 interim status conference be postponed until after the CIPA issues have been resolved.  Specifically, the parties request that the April 14, 2021 interim status conference be cancelled and a new interim status conference set for May 26, 2021 and that the time be excluded under 18 U.S.C. § 3161(h)(7)(A).

Respectfully submitted,

| | |
|---|---|
| Nathaniel Mendell, | Gang Chen, |
| Acting United States Attorney | Defendant |

By: */s/ Timothy H. Kistner*  　　　　By: */s/ Robert A. Fisher*
　　B. Stephanie Siegmann　　　　　　　Robert A. Fisher
　　Jason A. Casey　　　　　　　　　　　Brian T. Kelly
　　Timothy H. Kistner　　　　　　　　　Counsel for Gang Chen
　　Assistant U.S. Attorneys

　　David C. Aaron
　　Trial Attorney
　　U.S. Department of Justice
　　National Security Division
　　Counterintelligence & Export Control Section

Date: April 7, 2021