UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 21-cr-10018-PBS |
| GANG CHEN | ) |
| | ) |
| Defendant. | ) |
| | ) |

**INTERIM STATUS CONFERENCE – JOINT MEMORANDUM**

Pursuant to Local Rule of Criminal Procedure 116.5(b), the United States, by and through its undersigned counsel, and defendant Gang Chen, by and through his undersigned counsel, respectfully submit this joint memorandum.

(1)     The status of automatic discovery and any pending discovery requests – The government has produced, or made available to the defendant, all automatic discovery materials currently known to it subject to amendment in light of the issues addressed in the Government's Assented-to Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act ("CIPA"). *See* Docket No. 28. The Government has in its possession numerous electronic devices and digital storage media seized pursuant to a search warrant on the day of the defendant's arrest. The Government is in the process of imaging those devices and producing the images to the defendant – a process that the government hopes to complete in the next two to three weeks. (Other devices, seized from the defendant earlier in the case, have already been produced.) Separately, the defendant submitted a discovery letter to the government on May 7, 2021. The government responded to the defendant's letter on May 18, 2021, agreeing to comply with certain of the defense requests but refusing others.

(2) <u>The timing of any additional discovery to be produced</u> – As noted above, the government has already provided the defendant automatic discovery. The timing of the production of any additional materials will depend on the District Court's ruling on the government's filing/motion under CIPA, which it filed with the District Court on April 16, 2021. And, as noted above, the government is in the process of producing digital evidence to the defense. The government will produce any materials required under Local Rule 116.2(b)(2) in accordance with that rule and subject to the Court's Order pursuant to Section 4 of CIPA.

(3) <u>The timing of any additional discovery requests</u> – In light of ongoing CIPA litigation and the fact that the government is continuing to produce electronic evidence to the defendant, the parties request until the next status conference to set a date to file any discovery requests.

(4) <u>Protective Orders</u> – No protective orders have been entered in this case.

(5) <u>Pretrial motions under Fed. R. Crim. P. 12(b)</u> – The defendant requests an opportunity to finish its review of discovery before a date is set for the filing of pre-trial motions under Federal Rule of Criminal Procedure 12(b).

(6) <u>Timing of expert disclosures</u> – Should expert testimony prove necessary, the government will provide expert discovery no later than 45 days before trial. Defendant will provide reciprocal expert discovery no later than 30 days before trial.

(7) <u>Defenses of Insanity, Public Authority, or Alibi</u> – The defendant will file notice in accordance with the schedule for pretrial motions, as required by <u>Fed. R. Crim. P. 12.2-12.3</u>.

(8) <u>Speedy Trial Act calculations</u> – The 70-day period specified in 18 U.S.C. § 3161(c)(1) commenced on January 22, 2021, with the defendant's arraignment. The Court has

ordered the period from January 22, 2021 until May 26, 2021 (the date of the next interim status conference) to be excluded from the Speedy Trial clock pursuant to an assented-to government motion to exclude time, which was filed in this matter.  This time was excluded on the grounds that the ends of justice outweighs the defendant's and public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).

(9)     Status of Plea Discussions and Trial – The parties are not currently engaged in plea negotiations.  The defendant states that unless the case is dismissed, a trial is extremely likely.  Neither party is currently able to estimate the length of their case.

(10)    Timing of A Further Interim Status Conference.  In light of the above, the parties respectfully request that the May 26, 2021 interim status be continued for approximately 45 days.  The parties further request that the time between May 26, 2021 and the date of the next status conference be excluded from the time within which a trial must commence under the Speedy Trial Act pursuant to  18 U.S.C. § 3161(h)(7)(A).

Respectfully submitted,

| | |
|---|---|
| Nathaniel Mendell,<br>Acting United States Attorney | Gang Chen,<br>Defendant |
| By: */s/ Timothy H. Kistner*<br>B. Stephanie Siegmann<br>Jason A. Casey<br>Timothy H. Kistner<br>Assistant U.S. Attorneys<br><br>David C. Aaron<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterintelligence & Export Control Section | By: */s/ Robert A. Fisher*<br>Robert A. Fisher<br>Brian T. Kelly<br>Counsel for Gang Chen |

Date: May 19, 2021