**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

UNITED STATES OF AMERICA  )
                          )
      v.                  )      Criminal  No. 21-MJ-1011-DLC
                          )
GANG CHEN                 )      **ORAL ARGUMENT REQUESTED**
                          )
                          )
      Defendant.          )
_____)

**MEMORANDUM IN SUPPORT OF**
**PROFESSOR GANG CHEN'S MOTION FOR A BILL OF PARTICULARS**

Professor Chen seeks a narrow bill of particulars in order to adequately prepare his defense, in light of the Government's contention in the Indictment that there are unidentified material omissions and false statements beyond the ones listed and the Government's refusal to state what language in the grant application created a duty for each alleged material omission. Such a bill of particulars is consistent with prior precedent and would not prejudice the Government.

**BACKGROUND**

The Government has charged Defendant Gang Chen with two counts of wire fraud for misleading the Department of Energy ("DOE") on a grant application (the "Application"), one count of failure to file a report of a foreign bank account, and one count of making a false statement (on his 2018 tax returns). This bill of particulars pertains only to the grant fraud counts. The grant fraud counts correspond to two filings related to the Application. The original proposal (the "Proposal") was filed in 2017 and a progress report was filed in 2019 (the

"Progress Report"). The Proposal is 66 pages and contains hundreds of statements that could be misconstrued by the government. The Progress Report is 20 pages and contains a similarly voluminous amount of statements.

### The Indictment

The Indictment alleges that the Proposal "contained false statements and material omissions concerning, *among other matters*, CHEN's professional experience, activities, sources of support, and awards involving the PRC." Indictment at ¶ 6 (emphasis added). It then provides a numerated list of five allegedly material omissions "*among other things*," and absolutely no specific false statements. *Id.* (emphasis added). It also alleges one affirmative misstatement in the Proposal, which is not the subject of this motion, namely that the Proposal failed to list prospective partnerships "likely to occur" outside the United States "including, but not limited to," four specific, alleged partnerships.

The Indictment uses similarly vague, catch-all language, to describe the Progress Report. It alleges the Progress Report also "contained false statements and material omissions concerning, *among other matters*, CHEN's professional experience, activities, sources of support, and awards involving the PRC." *Id.* (emphasis added). It then incorporates the five previously listed material omissions and adds two more. It also lists absolutely no specific false statements.

Critically, the Government fails to articulate what language in the Application it believes created a duty to disclose each of the seven omissions. The Indictment references two appendices to the Application, Appendix 1 and Appendix 2. According to the indictment:

> In Appendix 1, applicants were required to submit a "biographical sketch" for the project director and/or principal investigator ("PI") consisting of, among other things, the PI's education and training; the PI's research and professional

experience, including a brief description of all[1] "professional/academic positions;" a list of up to "10 publications most closely related to the proposed project;" and, for the purpose of determining potential conflicts of interest, a list of "all persons" who have been collaborators or co-authors, graduate students and post-doctoral associates working with the PI "on a research project, book, or book article, report, abstract, or paper during the 48 months preceding the submission of this application."

Indictment at ¶ 5 (emphasis added). However, between the numerous phrases it self-servingly splices together from the DOE's application instructions, the Government neglects to reveal plainly exculpatory language:

Provide a biographical sketch for the project director/principal investigator (PD/PI) and each senior/key person listed in Section A on the R&R Budget form.
- Provide the biographical sketch information as an appendix to your project narrative.
- **Do not attach a separate file.**
- The biographical information (curriculum vitae) for each person **must not exceed 2 pages when printed on 8.5" by 11" paper with 1 inch margins (top, bottom, left, and right) with font not smaller than 11 point and must include** …

U.S. Department of Energy (Office of Science), Financial Assistance Funding Opportunity Announcement: FY 2017 Continuation of Solicitation for the Office of Science Financial Assistance Program, Amendment 7 at 56 (issued Sept. 30, 2016), https://perma.cc/T5TM-D3LR (emphasis added) (Exhibit A). This, of course, leads to an obvious issue: how can someone have a duty to disclose each and every activity he has ever performed (or specific intent to commit fraud by not listing particular activities) when the instructions include a strict 2-page limit? Indeed, more than 75 of Professor Chen's colleagues made this exact point in a public letter shortly after his arrest. C. Dames, In Defense of Gang Chen — In Defense of Academic Freedom, MEDIUM (Feb. 11, 2021), https://perma.cc/L5VB-7DBV ("This begs an obvious question which is now terrifying researchers across the country: if our academic CV might be

---

[1] Critically, "all" is a Government addition and not found in the instructions.

100 pages long, how shall we now decide what to highlight in these two pages? If representatives of the Department of Justice are not satisfied with our choices, shall we too face arrest?") (Exhibit B).

According to the Indictment, "In Appendix 2 to the project narrative, applicants were *required* to list 'all current and pending support' for the PI and 'all[2] senior/key persons ... for ongoing projects and pending applications,' as well as 'all sponsored activities or awards requiring a measurable commitment of effort, whether paid or unpaid.'" Indictment ¶ 5 (emphasis added). Appendix 2 does not appear to have a page limit.

### The FBI Interviews NC State Professor Jun Lui

On April 21, 2021, the Government interviewed NC State Engineering Professor Jun Liu. Professor Liu's research interests are similar to Professor Chen's and they know each other professionally but do not have a personal relationship. According to the FBI, Professor Liu took the opportunity to explain the obvious problem with using either Appendix 1 or 2 as the basis for a fraud claim:

> LIU stated the biographical sketch included in the DOE proposal limited professors to two pages of information which significantly cut down the resume most professors maintained. LIU stated it was nearly impossible to be all inclusive on outside engagements through this limited space requirement.
>
> LIU explained the "current and pending support" section of DOE grants was "understood" to only pertain to grant funding support. After 2021, LIU stated most all grant agencies added a sentence or two that dictated outside funding should be all inclusive to outside sources as well, not solely grants.

FD-302 of Jun Liu, North Carolina State University Professor (April 21, 2021) at 3. The Government recognized this as a gaping hole in its case and thus provided it under *Brady*.

---

[2] The government, once again, misquotes the application instructions. The word "all" is not present directly before the word "senior" and the subsequent ellipses exclude qualifiers that suggest not "all" senior/key persons fit this category. *Financial Assistance Funding Opportunity Announcement: FY 2017* at 57.

**Discovery Update**

The Government has produced about a terabyte of data in discovery. Professor Chen's counsel has spent hundreds of hours poring through documents that the Government has provided in discovery, and is still unable to discern what the Government's vague references to "other matters" or "other things" mean, what allegedly false statements were made in the Proposal or Progress Report, and why the Government believes there was a duty to inform for each of the alleged omissions.

Thus, pursuant to Federal Rule of Criminal Procedure 7(f), Professor Chen seeks a narrowly tailored bill of particulars requiring the Government to:

1. State what other "matters" or "things" the Government intends to prove at trial were material omissions from the application;

2. State what materially false statements the Government believes were included in the application; and

3. For the seven omissions listed in the indictment, identify whether a duty to disclose arose from Appendix 1, Appendix 2, or somewhere else.

The defense attempted to resolve these issues with the Government, but the Government refused to provide any additional information. *See* May 7 and May 18 Letters between Government and Defense Counsel (Exhibit C).

**ARGUMENT**

**I.     The Government Should Be Required to Issue a Bill of Particulars to Enable Professor Chen to Adequately Prepare his Defense at Trial.**

"The function of a bill of particulars is to provide the defendant with necessary details of the charges against him to enable him to prepare his defense, to avoid surprise [at] trial, and to protect against double jeopardy." *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992).

"It is well settled law that 'where an indictment fails to set forth specific facts in support of [the] requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error.'" *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). Clarification of an indictment is also a proper purpose of a bill of particulars. *See United States v. Hsia,* 24 F. Supp. 2d 14, 30 (D.D.C. 1998). The decision to grant a bill of particulars request is within the court's discretion. *See United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989).

A bill of particulars is required if it is necessary to give a defendant enough information to prepare his defense, even if the effect is incidental disclosure of the Government's evidence or theories. *See United States v. Reddy*, 190 F. Supp. 2d 558, 565 (S.D.N.Y. 2002). This is because, "[a] defendant faced with [criminal] charges should not have to waste precious pre-trial preparation time guessing [what conduct] he has to defend against... when the government knows precisely the [conduct] on which it intends to rely and can easily provide the information." *United States v. Trie,* 21 F. Supp. 2d 7, 21 (D.D.C. 1998). Indeed, Rule of Criminal Procedure 7(f) seeks to encourage "a more liberal attitude towards bills of particulars," and any "doubt must be resolved in favor of disclosure and . . . affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F. Supp. 683, 696– 97 (D. Del. 1971).

### a.  The Government Should Be Required to Identify the "Other," Unlisted Material Omissions and the Alleged Affirmative Misstatements.

The misrepresentation or concealment of a material fact is an essential element of wire fraud. *See, e.g.*, *Pasquantino v. United States*, 544 U.S. 349, 357 (2005); *see also United States v. Gordon*, CR 1:15-10390-PBS ECF # 123 at 108 (Saris, J.) (instructing jury that "the government must prove the scheme to defraud involved the misrepresentation or concealment of

a material fact or matter."). The Government's use of vague, "catch-all" qualifying language, leaves Professor Chen to have to guess what other allegations the Government might seek to prove at trial.

When faced with nearly identical "catch-all" language, a court in this district directed the Government to provide these particulars. In *United States v. June*, 2011 WL 4443429 (D. Mass. Sept. 22, 2011) (Neiman, J.), the defendant was charged with wire fraud and bank fraud for, among other things, using fraudulent lines of credit and engaging in fraudulent real estate transactions. *Id.* at *1-2. The court ordered particulars be provided due to "several [vagaries] in the superseding indictment." *Id.* at *2. Specifically, the court found that while one count described ten fraudulent lines of credit, the use of the phrase "not limited to" in relation to the ten specified lines of credit "implies that there may have been other such lines of credit." *Id.* Similarly, the court noted that another count detailed 22 real estate transactions at issue, "but 'more than 100' are mentioned." *Id.* Because of these "vagaries," the court ordered the Government "either [to provide] a bill of particulars or a statement . . . that the charges are limited to the specifics already provided." *Id.* Other courts have opted to simply strike this language under Fed. R. Crim. Pro. 7(d). *See*, e.g., *United States v. Lonich*, No. 14-CR-00139-SI-1, 2016 WL 324039, at *10 (N.D. Cal. Jan. 27, 2016) (striking "among other things" as surplusage); *United States v. Buck*, No. 10-20350, 2011 WL 576649, at *2 (E.D. Mich. Feb. 9, 2011) (striking "too numerous to list"); *United States v. Yagman*, No. CR 06-227(A) SVW, 2007 WL 9724388, at *27 (C.D. Cal. May 3, 2007) (explaining that "among others" must be struck when, as here, it is in a charging paragraph); *United States v. Poindexter*, 725 F. Supp. 13, 35 (D.D.C. 1989) (striking "among other things," "including, but not limited to," and "various");

*United States v. DeFabritus*, 605 F. Supp. 1538, 1547 (S.D.N.Y. 1985) (striking "among other things").

Professor Chen is in the same position as the defendant in *June*. The Government has provided "examples" of seven alleged omissions and exactly one false statement, and is apparently strategically holding back information about other relevant statements and omissions that it is reserving the right to prove in its case-in-chief (likely due to the fact that this entire matter was rushed based upon the political motivations of an outgoing U.S. Attorney and the Government incorrectly anticipated it would find additional misstatements as it continued to investigate this case post-indictment). Either way, by withholding these pieces of its case from Professor Chen, the Government has forced him to try and guess if the listed alleged omissions in the indictment are all, some, or very little of the case the Government intends to attempt to prove.

Professor Chen should not be in a positon of trying to search for and deduce all of the alleged material omissions or false statements that the Government claims were made in the scheme to defraud. This is particularly challenging considering the Government is wrong and Professor Chen's application was correct and complete. This Court should follow the lead set by *June*, and require the Government to state that it will stand on the indictment as written or specify what other specific false statements or material omissions it intends to prove.

### b. The Government Must Allege What Language Created a Duty for Each Omission.

"[W]hen an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak." *Chiarella v. United States*, 445 U.S. 222, 235 (1980). "It is well settled law that 'where an indictment fails to set forth specific facts in support of [the] requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for

a bill of particulars may constitute reversible error.'" *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). Thus, "if the government wishes to prosecute based upon an omissions theory, the indictment must allege that defendant owed a duty to disclose." *United States v. Lonich*, No. 14-CR-00139-SI-1, 2016 WL 324039, at *8 (N.D. Cal. Jan. 27, 2016); *see also* Pattern Criminal Jury Instructions for the District Courts of the First Circuit, 4.18.1341 Comment 11 (explaining the jury must find the defendant "was under a general professional or a specific contractual duty to make such a disclosure.")

Here, the Indictment does not actually allege a duty to disclose these seven material omissions to DOE. To be sure, it *implies* one. The Indictment devotes substantial detail to describing (albeit inaccurately) the language of Appendix 1 and Appendix 2. *See* Indictment, ¶ 5. However, it fails to actually specify, for each of the listed omissions, whether they were supposedly required by either Appendix 1 or Appendix 2. *See* Indictment, ¶¶ 6, 8 (listing the seven supposed omissions but not actually tying them to a specific duty). In essence, the Government lists some disclosure language and some apparent omissions and improperly encourages the reader (or juror) to conflate the requirements of the appendices into vague duty to disclose whatever the Government decides is relevant after the fact.

This is no minor issue. Showing that alleged material omissions were not in fact required by Appendix 1 or Appendix 2 require materially different defenses. It's hardly surprising that Professor Chen agrees with Professor Liu and the dozens of other professors who have noted that Appendix 1's page limit made it not feasible list all professional activities. For each activity or affiliation that the Government intends to claim was required by Appendix 1, Professor Chen could argue that whether the Government is factually correct is immaterial because the page limit prevented him from having a duty to list that particular information (or the requisite specific

intent to defraud).[3]  However, because Appendix 2 had no such limitations—other than, as Professor Lui explained, being related to grant funding support—alleged material omissions mandated by this section require a completely different defense. The Government clearly understands this problem as pursuant to *Brady* it is providing the defense with witness statements concerning this issue.

When prosecutors have failed to specifically allege that a duty exists, Courts have routinely required a bill of particulars.  *United States v. Tam* is directly on point.  No. 5:16-CR-00401-EJD, 2017 WL 3782752 (N.D. Cal. Aug. 31, 2017).  In *Tam*, the Government sought to charge an employee with fraud for stealing computer equipment, obliterating and changing the serial number, and fencing the equipment to a co-conspirator at a local computer store.  *See Tam* Indictment ECF #1 ¶¶ 1-3 (Exhibit D).  However, the prosecution had a clear issue: none of the alleged acts involved the use of the mail or interstate wires.  So the prosecution came up with an enterprising solution: it charged the case in such a way that the victims were the out-of-state customers of the local computer store who bought the equipment with a false serial number (and specifically charged it under a fraud-by-omission theory related to the missing original serial numbers).  *Id.* at ¶¶ 3, 17 ("…to defraud Network Genesis customers…").  But this created other issues, namely why did Tam have a duty to the computer store's out-of-state customers?  The court recognized this element was lacking in the indictment and gave the Government two options:

> Should the Government wish to proceed on a theory of "material omission" as to Count 1 of the Indictment, it must provide additional information as to the material omission and *disclosure obligation related to Defendant*. Alternatively, the Government may strike the "material omissions" language from Count 1 and proceed with the remaining allegations.

---

[3] As a practical matter, the Government is simply factually wrong about many of the affiliations it claims Professor Chen had.

*Tam*, 2017 WL 3782752, at *5 (N.D. Cal. Aug. 31, 2017) (emphasis added).  The Government promptly superseded and dropped its fraud-by-omission theory.  Other courts have held similarly.   *See, e.g., United States v. Lonich*, No. 14-CR-00139-SI-1,  2016 WL 324039,  at *7 (N.D. Cal. Jan. 27, 2016) (rejecting the Government's argument that a lack of duty in a fraud-by-omission case is an affirmative defense and striking that theory from the indictment as inadequately pled); *United States v. Harbour*, No. CR-19-00898-001-PHX-DLR,  2021 WL 842146, at *2 (D. Ariz. Mar. 4, 2021) (requiring an expansive bill of particulars because the indictment failed to allege the "source of any duty to disclose").  Professor Chen should be afforded the same relief as these defendants.

Finally,  the Government presumably disagrees with the dozens of Professors who routinely apply for DOE grants on whether the strict space limits on Appendix 1 creates serious issues for its case.  That is an issue for trial and Professor Chen is careful to not ask the Government to reveal its legal theory on why it thinks these professors are wrong.  *See United States v. Stryker Biotech, LLC*, No. Crim. No. 09-10330-GAO,  2010 WL 2900684,  at *3 (D. Mass. July 21, 2010) ("A bill of particulars is not a tool of discovery, and its purpose is not to obtain disclosure of evidence, witnesses to be offered at trial, or the government's legal theories.").  But requiring the Government to allege a duty existed is not a legal theory, rather it is a core element of wire fraud.  *Cf. Cole* 755 F.2d at 760.  The Government surely did not indict this case without considering why Professor Chen had a duty to disclose each of these seven alleged omissions.  Thus, such a bill of particulars strikes the right balance between avoiding surprise at trial and avoiding disclosure of legal theories.

## **CONCLUSION**

For the foregoing reasons, Professor Chen's Motion for a Bill of Particulars should be granted.

Respectfully submitted,


GANG CHEN


By his attorneys,

/s/ *Robert A. Fisher*
Robert A. Fisher (BBO No. 652602)
Brian T. Kelly (BBO No. 549566)
R. Scott Seitz (BBO No. 696658)
Brianna A. Nassif (BBO No. 698715)

NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
rfisher@nixonpeabody.com
sseitz@nixonpeabody.com
bnassif@nixonpeabody.com

Dated: July 15, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this brief was filed electronically on July 15, 2021, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.


/s/ *Robert A. Fisher*

Robert A. Fisher
