UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **GANG CHEN,** <br><br> **Defendant.** | **No. 1:21-cr-10018-PBS** <br><br> **UNCLASSIFIED ORDER** |

This matter is before the Court on the government's Classified *Ex Parte, In Camera* Motion and Memorandum of Law in Support of Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedures dated April 16, 2021, and the Declaration and Exhibits filed therewith (collectively, the "Motion"). By its Motion, the government requested that the Court, pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III, Federal Rule of Criminal Procedure 16(d)(1), and the applicable law: (1) conduct an *in camera* and *ex parte* review of the government's Motion; (2) authorize the government to withhold from discovery certain classified information; and (3) order that the entire text of the government's Motion and classified exhibits, and the Court's classified Order, shall not be disclosed to the defense and shall be sealed and preserved in the records of the Court to be made available for all future review of these proceedings.

The Court has considered the government's Motion, including the exhibits filed therewith. Based on its consideration, the Court GRANTS the government's motion in its entirety.

The Court finds that the government's motion was properly filed *ex parte*, *in camera*, and under seal for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera* review of the government's Motion, including the exhibits filed therewith.

On the basis of the Court's independent review of the information and the arguments set forth in the government's Motion and related documents, the Court finds that the classified information referenced in the government's motion implicates the government's classified information privilege. The Court also finds that the government has met the "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1957), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), as it applies to the discoverability of classified information where, as here, the government has properly invoked the classified information privilege. To this end, the Court finds that in applying the *Roviaro/Yunis* standard, the classified information referenced in the government's Motion is not relevant and helpful to the defense. In addition, for the reasons set forth in the government's motion and related documents, the government has shown "good cause" for why this material should be withheld from discovery. *See* 18 U.S.C. App. III § 4; Fed. R. Crim. P. 16(d)(1). *The Court has also reviewed defendant's ex parte submissions (# 48, 61) and the government submission on May 25, 2021. The Court held an ex parte hearing with the government on 7/14/21, and reviewed the supplemental materials submitted on 7/30/21.*

Accordingly, IT IS ORDERED that the government is authorized to withhold from discovery to the defense the classified information specified in its motion.

IT IS FURTHER ORDERED that the entire text of the government's Classified *Ex Parte, In Camera* Motion and Memorandum of Law in Support of Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedures dates April 16, 2021 and Exhibits A, C, and E *and the supplemental submissions* shall not be disclosed to the defense, and shall be sealed and maintained in a facility for the storage of such classified information by

the Classified Information Security Officer as the designee of the clerk of the Court, in accordance with established security procedures, for any future review, until further order of this Court.

**IT IS SO ORDERED.**

Dated this __2__ day of ____August____, 2021

_____
PATTI B. SARIS
United States District Judge