```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
UNITED STATES OF AMERICA,           )
                                    )
v.                                  )    Criminal Action
                                    )    No. 21-10018-PBS
GANG CHEN,                          )
                Defendant           )
_____)
```

## MEMORANDUM AND ORDER ON MOTION FOR BILL OF PARTICULARS

September 10, 2021

Saris, D.J.

Defendant Gang Chen has been charged with two counts of wire fraud, one count of failure to file a report of a foreign bank account, and one count of making a false statement. He moves for a bill of particulars on the two wire fraud counts that allege his proposal contained seven material omissions and one false statement "among other things" and "among other matters." Dkt. 60 at 2. Specifically, he asks the Court to require the Government to disclose (1) "what other 'matters' or 'things' the Government intends to prove at trial were material omissions from the grant application"; (2) "what materially false statements the Government believes were included in the application"; and (3) "whether a duty to disclose" the seven omissions listed in the indictment "arose from Appendix 1, Appendix 2, or somewhere else." Dkt.

59 at 1.  After hearing, the Court **ALLOWS** his motion as to the first two requests and **DENIES** it as to the third.[1]

A bill of particulars may be granted "if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993). When an indictment contains open-ended language, a bill of particulars may be warranted. See United States v. June, No. 10-30021-MAP, 2011 WL 4443429, at *2 (D. Mass. Sept. 22, 2011) (Neiman, J.) (allowing in part a bill of particulars to clarify the language "not limited to" in the indictment).

Defendant argues he cannot adequately prepare his defense as "the Government has forced him to try and guess if the listed alleged omissions in the indictment are all, some, or very little of the case the Government intends to prove." Dkt. 60 at 8. The Government responds that the indictment "more than adequately describes Chen's material omissions and false statements," and "it need not describe every single material omission or false statement related to Chen's PRC governmental contractual relationships, positions/appointments, and sources of support." Dkt. 66 at 11.

---

[1] The Government argues that the motion is untimely. Under Rule 7 of the Federal Rules of Criminal Procedure, a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). The Court permits the motion.

Given the terabyte of information produced in discovery, much in Mandarin, the Court concludes that the defendant needs the information sought in the first and second requests to prepare his defense. At the hearing, the Government stated it was still only relying on the seven omissions and the specific false statement. A written statement from the Government to that effect will suffice. See June, 2011 WL 4443429, at *2.

The third request, however, impermissibly wades into the government's theory regarding the source of the duty to disclose and is therefore denied. "A bill of particulars is not a tool of discovery, and its purpose is not to obtain disclosure of evidence, witnesses to be offered at trial, or the government's legal theories." United States v. Stryker Biotech, LLC., No. 09-10330-GAO, 2010 WL 2900684, at *3 (D. Mass. July 21, 2010).

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge