UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>  v.          )<br>  )  Crim. No. 21-cr-10018-PBS<br>GANG CHEN      )<br>  )<br>  Defendant.    )<br>  ) | |

**JOINT STATUS MEMORANDUM**

Pursuant to Local Rule of Criminal Procedure 116.5(b), the United States, by and through its undersigned counsel, and defendant Gang Chen, by and through his undersigned counsel, respectfully submit this joint memorandum.

(1)  <u>The status of automatic discovery and any pending discovery requests</u> – The government has produced or made available to the defendant automatic discovery materials. On November 22, 2021, the defendant sent a letter to the government seeking additional materials he believes the government is required to produce under automatic discovery. The government is currently reviewing whether additional materials need to be produced and intends to respond by December 6, 2021.

(2)  <u>The timing of any additional discovery to be produced</u> – Whether any additional discovery will be produced depends on the results of the government's review as described in paragraph (1).

(3)  <u>The timing of any additional discovery requests</u> –The parties request until the next status conference to set a date to file any discovery motions.

(4)  <u>Protective Orders</u> – No protective orders have been entered in this case.

(5)     <u>Pretrial motions under Fed. R. Crim. P. 12(b)</u> – The defendant requests an opportunity to finish reviewing discovery before a date is set for the filing of pre-trial motions under Federal Rule of Criminal Procedure 12(b).

(6)     <u>Timing of expert disclosures</u> – Should expert testimony prove necessary, the government will provide expert discovery no later than 45 days before trial.  Defendant will provide reciprocal expert discovery no later than 30 days before trial.

(7)     <u>Defenses of Insanity, Public Authority, or Alibi</u> – The defendant will file notice in accordance with the schedule for pretrial motions, as required by Fed. R. Crim. P. 12.2-12.3.

(8)     <u>Speedy Trial Act calculations</u> – The defendant was arraigned on January 22, 2021.  The Court has ordered the period from January 22, 2021 until December 1, 2021 (the date of the next interim status conference) excluded from the Speedy Trial clock.  This time was excluded on grounds that the ends of justice outweigh the defendant's and public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).

(9)     <u>Status of Plea Discussions and Trial</u> – A trial is likely in this case.  Neither party is currently able to estimate the length of their case.

(10)    <u>Timing of a Further Interim Status Conference</u>.  The parties respectfully request that the December 1, 2021 interim status be continued for approximately 45 days so that the defendant can complete his review of discovery and determine whether to make requests for additional discovery.  The parties further request that the time between December 1, 2021 and the date of the next status conference be excluded from the time within which a trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A).

Respectfully submitted,

| | | | |
|---|---|---|---|
| | Nathaniel Mendell,<br>Acting United States Attorney | | Gang Chen,<br>Defendant |
| By: | /s/ Timothy H. Kistner<br>B. Stephanie Siegmann<br>Jason A. Casey<br>Timothy H. Kistner<br>Assistant U.S. Attorneys | By: | /s/ Robert A. Fisher<br>Robert A. Fisher<br>Brian Kelley<br>Scott Seitz<br>Brianna Nassif<br>Counsel for Gang Chen |
| | David C. Aaron<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counterintelligence & Export Control Section | | |

Date:  November 24, 2021